TERRENCE WILLIAMS

VERSUS

DARREL VANNOY, WARDEN

NO. 20-KH-224

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

August 31, 2020

Susan Buchholz
First Deputy Clerk

## ON APPLICATION FOR REHEARING

Panel composed of Marc E. Johnson,
Robert A. Chaisson, and John J. Molaison, Jr.

## <u>DENIED WITH REASONS</u>

**JJM**
**RAC**

## <u>DISSENTS WITH REASONS</u>

**MEJ**

**MOLAISON, J.**

To date, the Louisiana Supreme Court has not held that *Ramos v. Louisiana*, 140 S. Ct. 1390 (2020), should be given retroactive application. *See*, *Joseph v. Louisiana*, 19-01989(La. 8/14/20), --- So.3d ----, 2020 WL 4731876;*State v. Sonnier*, 19-02066 (La. 8/14/20),--- So.3d ----, 2020 WL 4727074; *State v. Mason*, 19-01821 (La. 8/14/20) --- So.3d ----, 2020 WL 4731964. For this reason, and for the reasons assigned in our original denial of relator's writ application, relator's application for rehearing is denied.

TERRENCE WILLIAMS

VERSUS

DARREL VANNOY, WARDEN

NO. 20-KH-224

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

**JOHNSON J., DISSENTS WITH REASONS**

I respectfully dissent in this matter, having reconsidered my position on the original writ application. Applications for post-conviction relief (including those seeking an out-of-time appeal) may be considered if filed more than two years after the judgment of conviction and sentence become final when: 1) the claim asserted in the petition is based upon a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law; 2) petitioner establishes that this interpretation is retroactively applicable to his case; and 3) the petition is filed within one year of the finality of such ruling. La. C.Cr.P. art. 930.8 (A)(2). In *Ramos v. Louisiana*, , --- U.S. ---, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), the United States Supreme Court found that the Sixth Amendment right to a jury trial—as incorporated against the states by the Fourteenth Amendment— now mandates that Louisiana require a unanimous verdict to convict a defendant of a serious offense – satisfying the first requirement of La. C.Cr.P. art. 930.8 A (2) in this case. Also, Relator's petition is timely, as *Ramos* was decided in April, 2020.

The question that remains is whether petitioner established that *Ramos* is retroactively applicable to his case. Petitioner cites *Teague v. Lane*, 489 U.S. 288, 312; 109 S.Ct. 1060, 1076; 103 L.Ed.2d 334 (1989) and avers that that his case

falls within one of the two exceptions proposed by United States Supreme Court Justice Harlan.[1]  Louisiana Supreme Court Chief Justice Johnson agrees by explaining,

> [i]n 1992, we adopted *Teague*'s test for determining whether decisions affecting rights of criminal procedure would be retroactively applied in cases on state collateral review. *Teague* only requires retroactive application of a new rule if it is a "watershed rul[e] of criminal procedure" that "implicates the fundamental fairness [and accuracy]" of the criminal proceeding.  In my view, *Ramos* announces a watershed rule implicating fundamental fairness and accuracy.

*Jones v. State*, 19-1900 (La. 6/3/20); 296 So.3d 1060, (Mem)–1061 (Internal citations omitted).  In *Silva v. Vannoy*, Justice Johnson urges:

> There is no principled or moral justification for differentiating between the remedy for a prisoner convicted by that law whose case is on direct review and one whose conviction is final. [Louisiana] should abandon our use of the Teague test, which—informed by federalism concerns[2]—has never had any logical application in state court anyway, and formulate a new retroactivity test for Louisiana that takes into account the racist origins or disproportionate impact of a stricken law.[ . . . R]egardless of the words or legal grounds a defendant uses to challenge his conviction, I believe Ramos should apply to anyone convicted by a non-unanimous jury.

---

[1]Here, the relevant exception suggested by Justice Harlan was 'that a new rule should be applied retroactively if it requires the observance of "those procedures that ... are 'implicit in the concept of ordered liberty,' in some situations it might be that time and growth in social capacity, as well as judicial perceptions of what we can rightly demand of the adjudicatory process, will properly alter our understanding of the bedrock procedural elements that must be found to vitiate the fairness of a particular conviction."  The other proposed exception was that a new rule should be applied retroactively if it places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe[.]" *Teague*, 489 U.S. at 311 (internal citations omitted). *See also Mackey v. United States*, 401 U.S. 667; 91 S.Ct. 1160; 28 L.Ed.2d 404 (1971).

[2]*See also* Chief Justice Calogero's dissent in *State ex rel. Taylor v. Whitley*, 606 So.2d 1292, 1301 (La.1992), which held, "In adopting new criteria for the determination of retroactive application of criminal constitutional law, the federal courts have indicated that their reduced intrusion into state criminal process is motivated by concerns of federalism and comity. See generally *Teague v. Lane*[*, supra*]. State courts should not blindly adopt these new criteria, because the concerns of federalism and comity are absent from state criminal court proceedings. Moreover, Louisiana Constitution Article I § 21 provides that "[t]he writ of habeas corpus shall not be suspended." And Louisiana Code of Criminal procedure article 930.3(1) provides:
If the petitioner is in custody after sentence for conviction of an offense, relief shall be granted only on the following grounds:
(1)The conviction was obtained in violation of the constitution of the United States or the state of Louisiana."

*Silva v. Vannoy*, 19-1861 (La. 6/3/20); 296 So.3d 1033, (Mem)–1034.

Finally, Justice Johnson declares, "[W]e must formulate a new test for determining whether a decision be applied retroactively; one that includes a consideration of whether a stricken law had a racist origin, has had a disproportionate impact on cognizable groups or has otherwise contributed to our state's history of systemic discrimination against African Americans. And under any such test, I believe *Ramos* would have to be retroactively applied." *State v. Gipson*, 19-1815 (La. 6/3/20); 296 So.3d 1051, 1056.[3]

In conclusion, Relator's case falls under the exception provided by La. C.Cr.P. art. 930.8 (A)(2). Further, Justice Johnson's recent opinions are persuasive and convincing – *Ramos* should apply to cases on collateral review. Although the Uniform Rules of Court, Rule 2-18.7 does not provide for the rehearing of denied writs, I recognize the unusual circumstances here. Our Supreme Court has not yet ruled on the applicability of *Ramos* to cases on state collateral review. Therefore, I opine that this Court should grant Relator's request in this case in the interests of justice.[4]

---

[3] In *Gipson** and other recent Supreme Court writ denials where the question of whether Ramos applies retroactively to cases on state collateral review, Justice Weimer along with Chief Justice Johnson, would also grant the writ applications and docket to consider the issue. *See also*, *State v. Rochon*, 19-1678 (La. 6/3/20); 296 So.3d 1028; *State v. Dotson*, 19-1828 (La. 6/3/20); 296 So.3d 1059; *Jones v. State*, *supra*; *Silva v. Vannoy*, *supra*.
*Justice Crichton would also grant and docket *Gipson*.
[4] *Consider State v. Davis*, 19-1962 (La. 4/27/20); 295 So.3d 396, 397.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



# FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **08/31/2020** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 20-KH-224

### E-NOTIFIED

Grant L. Willis (Respondent)          Thomas J. Butler (Respondent)

### MAILED

Honorable Jeffrey M. Landry (Respondent)          Terrence Williams #487561 (Relator)
Attorney General                                  Louisiana State Penitentiary
Louisiana Department of Justice                   Angola, LA 70712
1885 North 3rd Street
6th Floor, Livingston Building
Baton Rouge, LA 70802